AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

District of Kansas

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

A Samsung SM-F966U (Galaxy Z Fold7) cell phone seized from Darrell White at the time of his arrest, currently located at the Kansas Internet Crimes Against Children (ICAC) offices, 1211 S Emporia, Wichita, Kansas

Case No. 26-M- 6253 -01-GEB

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ______ District of Kansas *(identify the person or describe the property to be searched and give its location)*:

A Samsung SM-F966U (Galaxy Z Fold7) cell phone seized from Darrell White at the time of his arrest and currently located at the Kansas Internet Crimes Against Children (ICAC) offices, 1211 S Emporia, Wichita, Kansas.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before 30 Oct 2026 *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m. ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Honorable Gwynne E. Birzer.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ___ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of ______.

Date and time issued: 16 Oct 2026 @ 1:45pm

Gwynne E Birzer
*Judge's signature*

City and state: Wichita, Kansas

Honorable Gwynne E. Birzer, U.S. Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

**Return**

| Case No.: 26-M-6253-01-GEB | Date and time warrant executed: 10/19/26 0700 | Copy of warrant and inventory left with: N/A |
|---|---|---|

Inventory made in the presence of : N/A

Inventory of the property taken and name of any person(s) seized:

Electronic data from phone unable to be extracted at this time due to phone not being supported by Software (cellebrite / gray Key)

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 10/19/26

[signature] 2375 FBI TFO
*Executing officer's signature*

Natalie Daemen, 2375 FBI TFO
*Printed name and title*

## ATTACHMENT A

### DEVICE TO BE SEARCHED

The following device seized during the arrest of Darrell White at Kellogg and I-235, Wichita, Kansas, currently at the Kansas Internet Crimes Against Children Task Force Offices located at 1211 S Emporia, Wichita, Kansas. The device is further described below:

1. **Samsung SM-F966U (Galaxy Z Fold7)**





# ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEIZED

All records on the **TARGET DEVICE** described in Attachment A that relate to violations of 18 U.S.C. § 2252A(a)(1) (transportation of child pornography); 2252A(a)(2)(A) (receipt or distribution of child pornography); and 18 U.S.C. § 2252A(a)(5)(B) (possession of and access with intent to view child pornography); and 18 U.S.C. § 2252A (production of child pornography), or attempts to do so, concerning the sexual exploitation of minors. This authorization includes the search of electronic data to include deleted data, remnant data and slack space. The seizure and search of computers and computer media will be conducted in accordance with the procedures set forth in the affidavit submitted in support of this warrant. Items to be seized include the following:

1. Any and all child pornography (as defined in 18 U.S.C. § 2256(8)), visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2).

2. Any and all child erotica, including documents, writings, and images or videos of children that do not qualify as child pornography but evince a sexual interest in children.

3. Any and all documents, records, or correspondence, in any format or medium, pertaining to operation of the **Snapchat** accounts described in the attached affidavit.

4. Any and all software, applications, computer related documentation, and passwords, that may be or are used to:

   a. produce, distribute, receive, possess or access child pornography or visual depictions of minors engaged in sexually explicit conduct;

   b. seek, obtain, store, or record information pertaining to the sexual exploitation of children or otherwise relate to an interest in child pornography, visual depictions of

minors engaged in sexually explicit conduct, child erotica, or the sexual exploitation of children; and

c. communicate with any other person regarding child pornography, visual depictions of minors engaged in sexually explicit conduct, child erotica, or the sexual exploitation of children.

5. Any and all data or information on the device, which may reveal indicia of ownership, access, or use of the account and websites described in the attached affidavit.

6. Any and all notes, documents, records and correspondence pertaining to child pornography, visual depictions of minors engaged in sexually explicit conduct, child erotica, or the sexual exploitation of children, and to include any and all data or records that may reveal indicia of creation, use, or ownership of the notes, documents, records, or correspondence.

7. Any and all computer software, including programs to run operating systems, applications, utilities, compilers, interpreters, and communications programs, including, but not limited to, P2P or other software or applications that may be, or are used to: visually depict child pornography or child erotica; display or access information pertaining to a sexual interest in child pornography; display or access information pertaining to sexual activity with children; or distribute, possess, or receive child pornography, child erotica, or information pertaining to an interest in child pornography or child erotica.

8. Any and all notes, documents, records, or correspondence, in any format and medium (including, but not limited to, e-mail messages, chat logs, google searches and electronic messages) pertaining to the offenses listed above.

9. Any and all diaries, address books, names, and lists of names and addresses of individuals who may have been contacted by the operator of the **TARGET DEVICE** for the purpose of engaging in the offenses listed above.

10. Any and all records or correspondence, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages), identifying persons transmitting, through interstate or foreign commerce by any means, including, but not limited to, by the United States Mail or by computer, any child pornography as defined in 18 U.S.C. § 2256(8) or any visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

11. Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, other digital data files and web cache information) concerning the offenses listed above.

12. Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files) concerning communications between individuals about exploiting children or child pornography or the existence of sites on the Internet that contain child pornography or that cater to those with an interest in exploiting children or child pornography.

13. Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files) concerning membership in online groups, clubs, or services that exploit children or provide or make accessible child pornography to members.

14. Any and all records, documents, invoices and materials, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files) that concern any accounts with an Internet Service Provider.

15. Any and all records, documents, invoices and materials, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files) that concern online storage or other remote computer storage, including, but not limited to, software used to access such online storage or remote computer storage, user logs or archived data that show connection to such online storage or remote computer storage, and user logins and passwords for such online storage or remote computer storage.

16. Any and all visual depictions of minors.

17. Evidence of any interaction with, photos of, or evidence of the above referenced crimes involving MV1 and any other minors.

18. Any and all address books, mailing lists, supplier lists, mailing address labels, and any and all documents and records, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files), pertaining to the preparation, purchase, and acquisition of names or lists of names to be used in connection with the purchase, sale, trade, or transmission, through interstate or foreign commerce by any means, including by the United States Mail or by computer, any child pornography as defined in 18 U.S.C. § 2256(8) or any visual depiction of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

19. Any and all diaries, notebooks, notes, and any other records reflecting personal contact and any other activities with minors visually depicted while engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

20. Evidence of user attribution showing who used or owned the device at the time the crimes listed in this warrant were committed, including:

a. records of Internet Protocol addresses used;

b. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

21. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

22. All bank records, checks, credit card bills, account information, and other financial records concerning the offenses listed above.

23. Any information recording **WHITE's** schedule or travel or movement concerning the offenses listed above to the present.